UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PARETEUM CORPORATION, *et al.*, | Case No.: 22-10615 (LGB) |
| Debtors.[1] | (Jointly Administered) |

**ORDER ESTABLISHING DEADLINES FOR
FILING PROOFS OF CLAIM AND APPROVING
THE FORM AND MANNER OF NOTICE THEREOF**

Upon the application (the "Application")[2], of the above-captioned debtors and debtors in possession (the "Debtors"), for an order, pursuant to sections 105, 501, 502 and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 3003(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3003-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), establishing deadlines (or bar dates) by which proofs of claim must be filed against the Debtors and approving the form and manner of notice thereof; and the Debtors having filed their respective Schedules (as defined in the Application) on June 28, 2022, and it appearing that the relief requested is in the best interests of the Debtors, their estates, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Pareteum Corporation (7538); Pareteum North America Corp. (f/k/a Elephant Talk North America Corp.) (9623); Devicescape Holdings, Inc. (2909); iPass, Inc. (4598); iPass IP LLC (2550); Pareteum Europe B.V.; Artilium Group Ltd. (f/k/a Artilium PLC); Pareteum Asia Pte. Ltd.; and Pareteum N.V. (f/k/a Artilium N.V.). The Debtors' corporate headquarters is located at 1185 Avenue of the Americas, 2nd Floor, New York, NY 10036.

[2] Capitalized terms used in this Bar Date Order but not defined herein shall have the meaning ascribed to such term in the Application.

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is GRANTED to the extent set forth herein.

2. As used herein (a) the term "claim" has the meaning given to such term in section 101(5) of the Bankruptcy Code, (b) the term "entity" has the meaning given to such term in section 101(15) of the Bankruptcy Code, and (c) the term "governmental unit" has the meaning given to such term in section 101(27) of the Bankruptcy Code.

3. The form of notice, substantially in the form annexed to the Application as Exhibit "2" (the "Bar Date Notice"), is approved and shall be deemed adequate and sufficient if served, within five (5) business days after entry of this Order, by first class mail and or by electronic transmission on:

   (a) The United States Trustee;

   (b) Counsel to any official committee that may be appointed in these Chapter 11 Cases;

   (c) All persons or entities that have requested Bankruptcy Rule 2002 notice;

   (d) All persons or entities that have filed claims;

   (e) All creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

   (f) All non-debtor counter parties to executory contracts and unexpired leases of the Debtors;

   (g) All parties to litigation with the Debtors;

   (h) The Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

   (i) Such additional persons and entities as deemed appropriate by the Debtors.

4. Except as otherwise provided in this Order, all entities (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a claim against a Debtor that arose or is deemed to have arisen prior to the Petition Date must file a proof of claim in writing in accordance with the procedures described herein on or before **5:00 p.m. (Prevailing Eastern Time) on August 22, 2022** (the "General Claims Bar Date").

5. The General Claims Bar Date applies to all types of claims against the Debtors that arose prior to the commencement of the Chapter 11 cases on May 15, 2022 (the "Petition Date"), including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(4), 507(a)(5), and 503(b)(9) of the Bankruptcy Code), and unsecured nonpriority claims.

6. Pursuant to Bankruptcy Rule 2002(l), the Debtors are authorized to publish notice of the Bar Dates in substantially the form of the Publication Notice attached to the Application as Exhibit "2," in the New York Times, *national edition* and *USA Today,* as soon as practicable after the Debtors file their respective Schedules and serve the Bar Date Notice as provided for in the Application, thus satisfying the requirements of Bankruptcy Rule 2002(a)(7) that such notice be published at least twenty-eight (28) days before the Bar Dates.

7. Subject to the provisions of paragraphs 10 through 12 of this Order with respect to claims subject to the Rejection Claims Bar Date, the Amended Schedules Bar Date, and the Governmental Bar Date, and the exceptions described in paragraphs 8 and 9 below, the following are the claims for which proofs of claim must be submitted on or before the General Claims Bar Date:

    a. claims against a Debtor that are not listed in the applicable Debtor's Schedules or are listed in the applicable Debtor's Schedules as "disputed," "contingent," or "unliquidated" and the holder of such claim(s) desires to share in any distribution to creditors in the Chapter 11 Cases;

3

  b. prepetition claims improperly classified in the Schedules or listed in an incorrect amount and the holder of such claim(s) desires to have its claims allowed in a classification or amount other than that identified in the Schedules;

  c. prepetition claims listed in the Schedules where the holder of such claim believes it is not an obligation of the specific Debtor against which the claim is listed and desires to have its claim allowed against a Debtor other than as identified in the Schedules;  and

  d. any claim against a Debtor that is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

8. The following procedures for the filing of proofs of claim shall apply:

  a. Proofs of claim must conform substantially to Official Bankruptcy Form No. 410.;

  b. Proofs of claim must be filed by submitting the original proof of claim by: (i) U.S. Mail, Federal Express, or other mail, courier, or hand delivery service to Pareteum Claims Processing Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA, 90245;  (ii) hand delivery service to the United States Bankruptcy Court, Southern District of New York, One Bowling Green, Room 534, New York, New York 10004-1408;  or (iii) utilizing the electronic filing system available through the claims agent's website at: https://kccllc.net/pareteum under link entitled "Submit Electronic Proof of Claim (ePOC)."  Proofs of claim will be deemed timely only when submitted and actually received in accordance with the foregoing procedures on or before the applicable Bar Date;

    **Proofs of claim submitted by facsimile or electronic mail shall not be accepted and shall not be deemed properly filed**.

  c. Proofs of claim must (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant;  (ii) include any documents upon which the claim is based (or, if such documents are not available, a statement as to why);  (iii) be written in English;  and (iv) be asserted and denominated in United States currency;  and

  d. Proofs of claim must specify by name and case number the Debtor against which the claim is filed.  Except otherwise as set forth herein or in any other order of this Court, (i) if the holder asserts a claim against more than one Debtor or has multiple claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor, (ii) any entity filing a proof of claim must identify on its proof of claim form the specific Debtor

against which its claim is asserted, and (iii) any claim filed only in the lead case (Pareteum Corporation, Case No. 22-10615), or that otherwise fails to identify a specific Debtor, shall be deemed to be filed only against Debtor Pareteum Corporation.

9. Proofs of claim need not be filed as to the following types of claims:

   a. Any claim that has already been asserted in a proof of claim against the applicable Debtor(s) with the claims agent appointed in these Chapter 11 Cases, KCC, or the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

   b. Any claim that is listed on the Schedules filed by the Debtors provided that (i) the claim is <u>not</u> scheduled as "disputed," "contingent," or "unliquidated;" (ii) such claimant agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such claimant does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

   c. Any claim that previously has been allowed by order of this Court;

   d. Any claim for which a creditor is otherwise not required to file a proof of claim on account of such claim by order of this Court;

   e. Any claim that has been paid in full by any of the Debtors (or any other party) in accordance with the Bankruptcy Code or an order of this Court;

   f. Any claim for which a different filing deadline has previously been fixed by this Court;

   g. Any claim by a Debtor against another Debtor; and

   h. Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than claims entitled to priority under section 503(b)(9) of the Bankruptcy Code).

10. Claims based exclusively upon the ownership of common or preferred stock in a corporation, a membership interest in a limited liability corporation or partnership, or warrants or rights to purchase, sell, or subscribe to such a security or interest (any such security or interest being referred to herein as an "<u>Interest</u>") are not subject to the General Claims Bar Date and the holder of such Interest (the "<u>Interest Holder</u>") does not have to file a proof of claim at this time;

5

*provided*, *however*, that Interest Holders that wish to assert *claims* against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of the Interest, must file proofs of claim on or before the General Claims Bar Date, unless another exception contained in this Bar Date Order applies.

11. Any person or entity asserting claims arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with section 365 of the Bankruptcy Code or any order of this Court (including any order confirming a chapter 11 plan) authorizing the rejection of an executory contract or unexpired lease (any such order, a "Rejection Order"), or claims otherwise related to such rejected agreements (the "Rejection Damage Claims"), is required to file proofs of claim by the later of (a) the General Claims Bar Date or (b) date that is thirty (30) days after entry of the applicable Rejection Order (the "Rejection Claims Bar Date"). For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature relating to executory contracts or unexpired leases rejected pursuant to a Rejection Order, including, without limitation, claims entitled to administrative expense priority under section 503(b) of the Bankruptcy Code, must be filed by the Rejection Claims Bar Date. Rejection Orders entered after the date of entry of this Order shall include a description of the Rejection Claims Bar Date in the text of each.

12. If the Debtors amend or supplement their Schedules after the service of the Bar Date Notice, the Debtors shall give notice of such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date (as defined below) to file proofs of claim in response to the amendment or supplement to the Schedules. The affected claimant is required to file a proof of claim or amend any previously filed proof of claim

in respect of the amended scheduled claim in accordance with the procedures described herein by the later of: (a) the General Claims Bar Date; or (b) 5:00 p.m. Eastern Time on the date that is thirty (30) calendar days after the date that notice of the applicable amendment to the Schedules is served on the claimant (the "Amended Schedules Bar Date").  Notwithstanding the foregoing, nothing contained herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

13. All governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date (including secured claims, unsecured priority claims, and unsecured nonpriority claims) are required to file proofs of claim by **November 11, 2022 at 5:00 p.m., Eastern Time** (the "Governmental Bar Date").

14. Pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in the prescribed manner utilizing an appropriate form, shall be forever barred, estopped, and enjoined from:  (a) asserting any claim against the Debtors or their estates or property that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent, and liquidated or (ii) is of a different nature or a different classification than any claim identified in the Schedules on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim");  or (b) voting upon, or receiving any distribution under, any chapter 11 plan promulgated in these Chapter 11 Cases in respect of an Unscheduled Claim.

15. Any entity that files a proof of claim in these Chapter 11 Cases shall be deemed to have submitted to the Court's jurisdiction for purposes of the proof of claim.

7

16. The Debtors and KCC are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

17. The entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

18. The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

Dated:  New York, New York
         **July 11th, 2022**

                                 **/s/ Lisa G. Beckerman**
                                 HONORABLE LISA G. BECKERMAN
                                 UNITED STATES BANKRUPTCY JUDGE